## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KURT NYGREN and                    :
NYGREN & NYGREN, INC.,             :
                                   :
   Plaintiffs,     :
                                   :
  v.                     :        No. 3:07CV00462(DJS)
                                   :
GREATER NEW YORK MUTUAL            :
INSURANCE COMPANY,                 :
                                   :
   Defendant.        :

## <u>MEMORANDUM OF DECISION AND ORDER</u>

The plaintiffs, Kurt Nygren ("Nygren") and Nygren & Nygren, Inc. ("NNI") (collectively, "the Plaintiffs"), brought this action against the defendant, Greater New York Mutual Insurance Co. ("the Defendant") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, negligent representation, and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a <u>et</u> <u>seq</u>. ("CUTPA").  The Defendant filed a counterclaim against the Plaintiffs alleging detrimental reliance, breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of CUTPA.  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Plaintiffs moved for summary judgment on all of the Defendant's counterclaims (Dkt. # 44) and the Defendants moved for summary judgment on all of the Plaintiff's claims. (Dkt. # 62)  On March 27, 2009, the Court granted in part and denied in part both the

Plaintiffs' summary judgment motion and the Defendants' summary judgment motion. (Dkt. # 79) Now pending before the Court is the Plaintiffs' Motion for Reconsideration (Dkt. # 83). For the reasons that hereafter follow, the Plaintiffs' motion **(Dkt. # 83)** is **DENIED.**

## I. DISCUSSION

The Plaintiffs challenge the Court's summary judgment decision with respect to their claims of breach of the covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, and CUTPA. According to the Plaintiffs, the Court committed clear error and overlooked controlling law and facts in finding that the Defendant did not breach its good faith covenant with the Plaintiffs and in finding that NNI's contracts with the Defendant were not exclusive. The Plaintiffs argue further that manifest injustice would occur if they are not allowed to bring this claim to a jury. Finally, the Plaintiffs contend that reconsideration is warranted because the Court's decision is not supported by the controlling case law concerning bad faith termination.

In opposition to the Plaintiffs' motion for reconsideration, the Defendant contends that the motion presents no new material, but merely rehashes arguments previously raised by the Plaintiffs. The Defendant suggests that the Plaintiffs' motion fails to meet the established standard for reconsideration. As

further explained below, the Court agrees with the Defendant that the Plaintiffs have failed to satisfy the standard for reconsideration.

## A. RECONSIDERATION STANDARD

Rule 7(c) of the Local Civil Rules of the United States District Court for the District of Connecticut allows for the filing of motions "for reconsideration," D. Conn. L. Civ. R. 7(c). The Second Circuit has held that "[m]otions for reconsideration under [the District of Connecticut's Local Civil Rules] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e)—each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991). In general, the three grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

"A motion for reconsideration is committed to the sound discretion of the court." Kregos v. Latest Line, Inc., 951 F. Supp. 24, 26 (D. Conn. 1996); see Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 ("A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is . . . reviewed for

3

an abuse of discretion."). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). That is, "[a] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007) (internal quotation marks omitted). Fed. R. Civ. P. 59 (e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, –– U.S. - –, 128 S. Ct. 2605, 2617 n. 5 (2008)(internal quotation marks omitted).


B. APPLICATION OF THE MOTION FOR RECONSIDERATION STANDARD TO THE
        PLAINTIFFS' MOTION FOR RECONSIDERATION

I.  Breach of the Covenant of Good Faith and Fair Dealing

4

The Plaintiffs contend that the Court committed "clear error" with respect to their claim that the Defendant breached the covenant of good faith and fair dealing. According to the Plaintiffs, the Court erred by finding that the Plaintiffs' contention was that their contracts with the Defendant could only be terminated for good cause. In their Motion for Reconsideration, the Plaintiffs argue that their actual contention with respect to this claim was that the Defendant alleged a fictitious billing issue as a pretext to terminate the contract with the Plaintiffs and that this termination thereby breached the covenant of good faith and fair dealing implied in all contracts.

The Plaintiffs' suggestion that the Court committed clear error by misconstruing their breach of the covenant of good faith and fair dealing claim is contradicted by the Plaintiffs' own complaint. In their Amended Complaint, the Plaintiffs clearly state that "[t]he Defendant breached the contract and the covenant of good faith and fair dealing implicit in it by terminating its relationship with the Plaintiffs without good cause." (Dkt. # 15, p. 4, ¶ 17) Rather than misconstruing the Plaintiffs' claim, the Court addressed that claim as it was presented by the Plaintiffs in their complaint.[1] A motion for

---

[1]The Plaintiffs seem to suggest that they raised the "fictitious billing issue" in their opposition to the Defendant's summary judgment motion. (See Dkt. # 88, p. 2). The Court does not agree that the fictitious billing issue was previously advanced as a distinct theory supporting the claimed breach of the covenant of good faith and fair dealing.

reconsideration "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." Parrish v. Sollecito, 253 F.Supp. 2d 713, 715 (S.D.N.Y. 2003).

The Court also notes that the Plaintiffs cite to two employment termination cases as controlling precedent in support of their argument that the Defendant breached the covenant of good faith and fair dealing. See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980); Magnan v. Anaconda Industries, Inc., 193 Conn. 558 (1984). The Plaintiffs' reliance on these cases is somewhat puzzling since the Plaintiffs have taken the position with this Court that "[t]he Plaintiffs were not employees of the Defendant; instead, the parties had an oral agreement for the completion of claim adjusting services and the relationship can hardly be characterized as employee-employer." (Dkt. # 75, p. 13) The Court concludes that the Plaintiffs have not demonstrated clear error with respect to the Court's treatment of the Plaintiffs' breach of the covenant of good faith and fair dealing claim.

ii. Promissory Estoppel

---

In any case, an opposition to a summary judgment motion is not the place for a plaintiff to raise new claims. See Lyman v. CSX Transportation, Inc., No. 09-2548-cv, 2010 U.S. App. LEXIS 2559, at *5 (2d Cir. Feb. 8, 2010).

With respect to their promissory estoppel claim, the Plaintiffs contend that the Court erroneously concluded that the Plaintiffs' "right of first refusal" to the Defendant's work did not mean an "exclusive right" to all of the Defendant's work. The Plaintiffs argue further that "if the Court had noted the central allegation against the defendant which is that it created a pretext of excessive billing as a bad faith basis to discharge Nygren and increase its profits, the [C]ourt would have seen an 'injustice.'" (Dkt. # 84, P. 7)

The Court discussed the difference between "right of first refusal" and "exclusive right" at length in its summary judgment decision. See Nygren v. Greater New York Mutual Insurance Co., No. 3:07CV00462 (DJS), 2009 U.S. Dist. LEXIS 26078, at *19-21 (D. Conn. March 27, 2009). With regard to the question of whether the Defendant had granted an "exclusive" right to the Plaintiffs, the Court found this question "to be irrelevant with regard to the Plaintiffs' promissory estoppel allegations." Id. at *19. As has been noted, a motion for reconsideration is not a proper vehicle for "repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., 90 F. Supp. 2d at 391-92.

With regard to the "central allegation against the defendant which is that it created a pretext of excessive billing as a bad faith basis to discharge Nygren and increase its profits," the

Court has already concluded in the context of the breach of the covenant of good faith and fair dealing claim that this represents a new theory which the Plaintiffs seek to advance at this time, but failed to advance in their prior pleadings.  The Plaintiffs' Amended Complaint specifies the following as to the promissory estoppel claim: "[a]s a result of the Plaintiffs' reliance on the Defendant's unfulfilled promise [to employ the Plaintiffs as its exclusive claims adjuster in Connecticut and Massachusetts], the Plaintiffs have suffered damages."  (Dkt. # 15, p. 5, ¶ 19)  The Court similarly concludes that with respect to the Plaintiffs' promissory estoppel claim, this represents a new theory which the Plaintiffs failed to advance previously and which cannot be advanced by way of a motion for reconsideration.

iii.  Negligent Misrepresentation

As to the negligent misrepresentation claim, the Court understands the Plaintiffs' argument to be that the Court erred by ignoring testimony from Robert Penn, a Senior Claims Manager for the Defendant, which supported the Plaintiffs' contention that they had an "exclusive right" to the Defendant's work as opposed to a "right of first refusal."

The Court did not ignore the testimony of Mr. Penn, but instead explained in the summary judgment decision why the affidavit from Mr. Penn "bears little weight here."  Nygren, 2009 U.S. Dist. LEXIS 26078, at *25 n. 4.  As previously stated, the

Court addressed at length the difference between "right of first refusal" and "exclusive right." Id. at *19-21. While the Plaintiffs may not agree with the findings and conclusions of the Court in the decision on the motions for summary judgment, "[a] motion for reconsideration may not be used to relitigate an issue the court already has decided." Rhoads v. Connecticut Public Defender's Office, No. 3:09-cv-1035 (JBA),2010 U.S. Dist. LEXIS 15545, at *1 (D. Conn. Feb. 23, 2010). As to their negligent misrepresentation claim the Plaintiffs have failed to satisfy the strict standard applicable to a motion for reconsideration.

iv. CUTPA

The Plaintiffs' motion for reconsideration as to their CUTPA claim is based on their allegation that "[i]f Nygren can prove that a fictitious billing issue was created as a pretext to discharge him, so that the defendant could employ cheaper labor and increase its profits, that would be clear evidence of immoral conduct rising to the level of an unfair trade practice." (Dkt. # 84, p. 8)

Notably absent from the Plaintiffs' CUTPA claim in their Amended Complaint is any mention of "fictitious billing." (Dkt. # 15, p. 6, ¶¶ 16-19) The Court has previously noted in its discussion of the breach of good faith and fair dealing claim and the promissory estoppel claim that the "fictitious billing" argument represents a new theory which the Plaintiffs failed to

9

advance previously and which cannot be advanced by way of a
motion for reconsideration.  Thus as to their CUTPA claim the
Plaintiffs have also failed to satisfy the strict standard
applicable to a motion for reconsideration.

## II.  CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for
Reconsideration **(Dkt. # 83)** is **DENIED.**


**SO ORDERED** this 2nd     day of August, 2010.


_____/s/DJS_____
              **DOMINIC J. SQUATRITO**
          **UNITED STATES DISTRICT JUDGE**