**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **KURT NYGREN and** : | |
| **NYGREN & NYGREN, INC.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | No. 3:07CV00462(DJS) |
| : | |
| **GREATER NEW YORK MUTUAL** : | |
| **INSURANCE COMPANY,** : | |
| : | |
| **Defendant.** : | |

### MEMORANDUM OF DECISION AND ORDER

The plaintiffs, Kurt Nygren ("Nygren") and Nygren & Nygren, Inc. ("NNI") (collectively, "the Plaintiffs"), brought this action against the defendant, Greater New York Mutual Insurance Co. ("the Defendant"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, negligent representation, and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq. ("CUTPA"). The Defendant filed a counterclaim against the Plaintiffs alleging detrimental reliance, breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of CUTPA. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Plaintiffs moved for summary judgment on all of the Defendant's counterclaims (Dkt. # 44) and the Defendants moved for summary judgment on all of the Plaintiff's claims. (Dkt. # 62) On March 27, 2009, the Court granted in part and denied in part both the

Plaintiffs' summary judgment motion and the Defendant's summary judgment motion. (Dkt. # 79)

On April 16, 2009, the Plaintiffs filed a motion for reconsideration of the Court's rulings on the motions for summary judgment. (Dkt. # 83) The Court denied that motion on August 2, 2010. (Dkt. # 96) Now pending before the Court is the Plaintiffs' motion to further amend their complaint. (Dkt. # 89). For the reasons that hereafter follow, the Plaintiffs' motion **(Dkt. # 89)** is **DENIED.**

## DISCUSSION

The Plaintiffs contend that they should be granted leave to further amend their complaint, even though the Court's deadline for amending pleadings has long passed and the Court has ruled on the parties' motions for summary judgment, because the Defendant has failed to demonstrate how it will be prejudiced by the requested amendment and "the factual and legal issues [relating to the amendment]. . . have been at the center of the litigation since its inception." (Dkt. # 95, pp. 1-2)(quoting Spanierman Gallery, Profit Sharing Plan v. Merritt, No. 00 Civ. 5712 (THK), 2004 WL 1488118, at *1 (S.D.N.Y. June 30, 2004)).

According to the Plantiffs, they have established good cause to amend their complaint inasmuch as the Second Amended Complaint they seek leave to file "does not allege new causes of action, but rather re-pleads to amplify and clarify the existing causes."

2

(Dkt. # 95, p. 2). What the Plaintiffs seek to "amplify and clarify" relates principally to the allegation in the Amended Complaint that "[t]he Defendant breached the contract [with the Plaintiffs] and the covenant of good faith and fair dealing implicit in it by terminating its relationship with the Plaintiffs *without good cause*." (Dkt. # 15, p. 4, ¶ 17)(emphasis added) The Plaintiffs argue that their use of the words "without good cause" was misunderstood and that these words were intended to convey the meaning "bad cause" or "bad faith." (Dkt. # 95, p. 2) The Plaintiffs indicate that they seek to rectify this misunderstanding by amending their complaint to allege that "[i]n an effort to increase profits the defendant created an alleged billing issue with Nygren which it then used as a pretext to terminate its business relationship with him in bad faith." (Id.)

The Plaintiffs seek to add this bad faith termination allegation to three counts: one claiming breach of contract (First Count of Plaintiffs' proposed Second Amended Complaint), one claiming breach of the implied covenant of good faith and fair dealing (Second Count of Plaintiffs' proposed Second Amended Complaint)and one claiming a violation of the Connecticut Unfair Trade Practices Act (Fifth Count of Plaintiffs' proposed Second Amended Complaint). In addition, the Plaintiffs seek to "amplify and clarify" their previous contention that the Defendant had

3

"promise[d] to employ the Plaintiffs as [the Defendant's] exclusive claims adjuster in Connecticut and Massachusetts" by alleging in an amended promissory estoppel claim that the Defendant "promise[d] to employ the Plaintiffs as its exclusive claims adjuster *by giving Plaintiff a right of first refusal* in Connecticut and Massachusetts." (Third Count of Plaintiffs' proposed Second Amended Complaint) (emphasis added).

The Defendant argues that the Plaintiffs' motion should be denied because they have failed to show good cause to justify a late amendment of the complaint and because the proposed amendment at this point in the litigation would be unduly prejudicial to the Defendant. The Court will address the parties' arguments below.

### A. STANDARD

The Plaintiffs based their motion to amend on the provisions of Fed. R. Civ. P. 15. (Dkt. # 89) As noted by the Defendant in its memorandum in opposition to the Plaintiffs' motion, however, "when the court issues a pretrial scheduling order pursuant to Fed. R. Civ. P. 16 that establishes a time table for amending pleadings, a plaintiff's ability to amend the complaint is governed by Rule 16, not Rule 15(a)." Lyddy v. Bridgeport Bd. of Educ., Civil No. 3:06CV1420 (AHN), 2008 U.S. Dist. LEXIS 98328, at *3 (D. Conn. Dec. 4, 2008). "[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in

4

denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). For purposes of Rule 16, "a finding of 'good cause' depends on the diligence of the moving party." Id.

The Case Management Order issued by the Court on July 13, 2007 specified that "any and all amendments of pleadings [will be filed] no later than July 27, 2007." (Dkt. # 11, p. 1) The Court's Order also contained the following notice to the parties:

> **NO MODIFICATIONS OF THESE DEADLINES WILL BE GRANTED ABSENT A SHOWING OF GOOD CAUSE WHICH REQUIRES A PARTICULARIZED SHOWING THAT THE PARTY SEEKING THE EXTENSION HAS ACTED WITH DUE DILIGENCE AND THAT THE REASONS FOR THE MODIFICATION COULD NOT REASONABLY HAVE BEEN ANTICIPATED BY THE PARTIES WHEN THEY FILED THEIR PROPOSED CASE MANAGEMENT PLAN.**

(Id.) (Emphasis in original) The Plaintiffs' motion to amend was filed on May 29, 2009, two months after the Court's decision on the motions for summary judgment. (Dkt. # 89)

## B. GOOD CAUSE

The Plaintiffs address the issue of good cause in their reply brief, asserting that they have established good cause on the basis that the Second Amended Complaint they wish to file does not allege "'new facts' to support a new claim, not timely pled, but rather a presentation of facts already raised in a more

concise manner.'" (Dkt. # 95, p. 2) The Court does not agree with the Plaintiffs' characterization of the Second Amended Complaint. With respect to bad faith termination of a contract, the Court previously found in connection with the Plaintiffs' Motion for Reconsideration that the allegation that the Defendant created a pretext of excessive billing as a bad faith basis to terminate its relationship with the Plaintiffs and increase the Defendant's profits "represents a new theory which the Plaintiffs seek to advance at this time, but failed to advance in their prior pleadings." (Dkt. # 96, p. 7) With respect to the issue of "exclusive" versus "right of first refusal," the Court determined in connection with the motions for summary judgment that "[e]xclusive" and "right of first refusal" clearly are not the same concepts. . . . The fact that Nygren equated (and thus misconstrued) the terms was unreasonable. . . ." <u>Nygren v. Greater New York Mutual Insurance Co.</u>, No. 3:07CV000462 (DJS), 2009 U.S. Dist. LEXIS 26078, at * 21 (D. Conn. March 27, 2009).

"To establish good cause a plaintiff must show that the deadline set by the court's scheduling order for filing an amended pleading could not reasonably have been met despite [plaintiff's] diligence." <u>Lyddy</u>, 2008 U.S. Dist. LEXIS, at *6-7. The Plantiffs have not made such a showing. The Court concludes that the Plaintiffs have failed to demonstrate good cause for their request to amend their complaint to advance the new theory

6

that the Defendant created a pretext of excessive billing as a bad faith basis to terminate its relationship with the Plaintiffs and increase the Defendant's profits.  The Court further concludes that the Plaintiffs have likewise failed to demonstrate good cause to amend their allegation that the Defendant promised to use the Plaintiffs as its exclusive claims adjuster in Connecticut and Massachusetts by adding the phrase "by giving Plaintiff a right of first refusal" to that allegation.

C.  PREJUDICE TO THE DEFENDANT

The Defendant argues that the Court should take into account any prejudice that might result to the nonmoving party when considering a motion to amend, and that a proposed amendment to a complaint is especially prejudicial if discovery has been completed and summary judgment has been filed.  See Ansam Associates, Inc. V. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985)(motion for leave to file a second amended complaint denied on the ground that the defendant "would be unfairly prejudiced if compelled to defend against the newly proposed allegations.").

Although the Defendant's argument is somewhat lacking in specifics as to the prejudice it would suffer as a result of the requested amendment, the Court does believe, in accordance with Ansam Associates, that allowing the Plaintiffs to advance a new theory at this point, after discovery has been completed and

7

summary judgment motions filed and ruled upon, would be unfairly prejudicial to the Defendant. Consequently, the Court finds that the Defendant would be unfairly prejudiced if the Plaintiffs were allowed to amend their complaint to allege that "[i]n an effort to increase profits the defendant created an alleged billing issue with Nygren which it then used as a pretext to terminate its business relationship with him in bad faith."

### D. FUTILITY

"Leave to amend need not be granted. . . where the proposed amendment would be futile." Passlogix, Inc. v. 2FA Technology, LLC, No. 08 Civ. 10986 (PKL), 2010 U.S. Dist. LEXIS 44182, at * 71 (S.D.N.Y. April 27, 2010). The Court finds that the Plaintiffs' request to amend their allegation that the Defendant promised to use the Plaintiffs as its exclusive claims adjuster in Connecticut and Massachusetts by adding the phrase "by giving Plaintiff a right of first refusal" to that allegation would be futile.

As previously noted, the Court has already determined that "[e]xclusive" and "right of first refusal clearly are not the same concepts." Nygren, 2009 U.S. Dist. LEXIS 26078, at * 21. The Court also concluded that the question of whether the Plaintiff had an "exclusive" right or a "right of first refusal" to perform claims adjusting services for the Defendant in Connecticut and Massachusetts was "irrelevant with regard to the

8

Plaintiffs' promissory estoppel allegations." Id. at *19. The substance of the Plaintiffs' promissory estoppel allegations in the Amended Complaint was that the Defendant had made a "promise to employ the Plaintiffs as its exclusive claims adjuster in Connecticut and Massachusetts" and that "[a]s a result of the Plaintiffs' reliance on the Defendant's unfulfilled promise, the Plaintiffs have suffered damages." (Dkt. # 15) The Court initially determined that "[f]rom all appearances, the Defendant did give Massachusetts work [in addition to Connecticut work] to [the Plaintiffs]. In that regard, then, the Defendant kept its promise." Nygren, 2009 U.S. Dist. LEXIS 26078, at * 21. The Court went on to find that "there is no evidence that the Defendant promised to use [the Plaintiffs] in perpetuity. That is to say, if either [the Plaintiffs] or the Defendant were not satisfied with each other's conduct, the Court sees no reason why their relationship could not be terminated. Consequently, with regard to the Plantiffs' promissory estoppel claim, the Defendant's motion for summary judgment is granted." Id. at * 22.

The substance of the Plaintiffs' promissory estoppel allegations in the proposed Second Amended Complaint would be that the Defendant had made a "promise to employ the Plaintiffs as its exclusive claims adjuster by giving Plaintiff a right of first refusal in Connecticut and Massachusetts" and that "[a]s a

9

result of the Plaintiffs' reliance on the Defendant's unfulfilled promise, the Plaintiffs have suffered damages." (Dkt. # 90) The findings and conclusions expressed in the Court's decision on the parties' summary judgment motions would apply equally to the promissory estoppel allegations contained in the proposed Second Amended Complaint, i.e., the Defendant did give the Plaintiffs work in Massachusetts in addition to work in Connecticut, and there was no reason why the relationship between the Plaintiffs and the Defendant could not be terminated by either party, since "there is no evidence that the Defendant promised to use [the Plaintiffs] in perpetuity." Consequently, the Defendant would once again be entitled to summary judgment on the Plantiffs' promissory estoppel claim. For that reason the requested amendment is futile.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to further amend their complaint **(Dkt. # 89)** is **DENIED.**

**SO ORDERED** this 23rd day of August, 2010.

_____/s/ DJS_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**